UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILSON, | : | CASE NO. 1:23-cv-1566 |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 12] |
| v. | : | |
| QUOTEWIZARD.COM, LLC, ET AL. | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Peter Wilson sues Defendants QuoteWizard.com, LLC (QuoteWizard) and Perform[CB], LLC for violations of the Telephone Consumer Protection Act (TCPA). He sues on behalf of himself and a class he asks to be certified.[1] Plaintiff alleges that QuoteWizard made aggressive phone calls to him, and that Perform[CB] has placed at least one of those calls on QuoteWizard's behalf.[2]

In its original answer to the complaint, Defendant Perform[CB] raised ten affirmative defenses.[3] Plaintiff moves to strike nine of those ten original defenses under Federal Rule of Civil Procedure 12(f).[4]

Perform[CB] then filed its first amended answer, raising six of the ten original affirmative defenses, with some modifications.[5] In its response to Plaintiff's motion to strike,

---

[1] Doc. 1, ¶7.
[2] Id., ¶¶77-81. Defendant Perform[CB] is a marketing company hired by Defendant QuoteWizard. Id., ¶19.
[3] Doc. 5.
[4] Doc. 12.
[5] Doc. 17.

Case No. 1:23-cv-1566
GWIN, J.

Perform[CB] argues that the motion to strike is now moot, since Perform[CB] has removed and revised answers in light of Plaintiff's arguments. [6]

For the following reasons, the Court **DENIES** Plaintiff's motion to strike the five remaining affirmative defenses and **DISMISSES AS MOOT** Plaintiff's motion to strike the four removed affirmative defenses.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Motions to strike are disfavored "and are not frequently granted," as disputed issues are best determined after development of the factual record.[7]

This Court has consistently held that *Iqbal* and *Twombly* pleading requirements do not apply to affirmative defenses.[8] Rather, affirmative defenses need only provide "fair notice of the nature of the defense."[9] As a result, general or boilerplate defenses are acceptable, even if they lack factual specificity.[10]

Thus, "[a] motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."[11] Courts will rarely strike a defense for legal insufficiency and will not strike defenses raising factual questions.[12]

---

[6] Doc. 18.
[7] *ACT, Inc. v. Worldwide Interactive Network, Inc.*, 46 4th 489, 499 (6th Cir. 2022) (*quoting Operating Eng'rs Loc. 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)).
[8] *See, e.g., Lindebaum v. CVS Health Corp.*, No. 1:17-CV-1863, 2017 WL 5562072, at *1 (N.D. Ohio Nov. 20, 2017); *Vary v. City of Cleveland*, No. 1:16-CV-37, 2016 WL 3085311, at *2 (N.D. Ohio June 2, 2016).
[9] *Lawrence v. Chabot*, 182 Fed. App'x 442, 456 (6th Cir. 2006).
[10] *Id.*
[11] *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).
[12] *Lindebaum*, 2017 WL 556072 at *1 (*citing Hughes v. Lavender*, No. 2;10-CV_674, 2011 WL 294583, at *4 (S.D. Ohio July 20, 2011)).

Case No. 1:23-cv-1566
GWIN, J.

## II.  DISCUSSION

Plaintiff objects to the following nine affirmative defenses in Defendant Perform[CB]'s original answer:

> (2) failure of class action allegations;
>
> (3) failure to mitigate;
>
> (4) consent;
>
> (5) Plaintiff did not suffer damages;
>
> (6) acts or omissions of others;
>
> (7) third-party negligence;
>
> (8) comparative fault;
>
> (9) unclean hands; and
>
> (10) waiver.[13]

Plaintiff argues that these affirmative defenses are legally insufficient based on the complaint's factual allegations or are legally insufficient on their face.[14]

As an initial matter, Perform[CB] removed affirmative defenses (2), (3). (7), and (8).[15] Plaintiff's motion to strike is thus moot regarding those affirmative defenses.

Plaintiff has not provided a sufficient basis to strike the remaining five affirmative defenses.

Affirmative defenses (4), (6), (9), and (10) all involve factual determinations that are more appropriate for summary judgment.  Contrary to Plaintiff's arguments, Perform[CB] did not have to specifically plead any of the facts supporting these defenses.  These defenses all

---

[13] Doc. 12-1.
[14] *Id.*
[15] *See* Doc. 17, PageID #: 131-132.

Case No. 1:23-cv-1566
GWIN, J.

meet the "fair notice" pleading requirement and alert Plaintiff to Perform[CB]'s intention to investigate issues of consent, third-party acts, unclean hands, and potential waiver.[16]

As for affirmative defense (3), Plaintiff Wilson fails to show how it has no possible relation to the controversy. Even if suffered damages are not a required element for TCPA actions, Plaintiff does not cite to any controlling authority that clearly precludes Perform[CB] from raising this defense.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES IN PART** Plaintiffs' motion to strike affirmative defenses (3), (4), (6), (9), and (10); and **DISMISSES AT MOOT** Plaintiff's motion to strike affirmative defenses (2), (3), (7), and (8).

IT IS SO ORDERED.

Dated: October 19, 2023                    *s/     James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[16] Defendant Perform[CB] raised what appeared to be an asserted proximate causation defense mislabeled as "consent." *See* Doc. 5, PageID #: 49. However, Perform[CB} corrected this mistake in its first amended answer, and defense (2) now meets the fair notice pleading requirement. See Doc. 15, PageID #: 131.